FILED
2012 Nov-01  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **PACCAR FINANCIAL CORP.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 3:97-cv-1751-SLB** |
| | } | |
| **ROBBINS GROUP** | } | |
| **INTERNATIONAL, INC., JOHN** | } | |
| **ROBBINS, RUBY ROBBINS,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

On September 26, 1997, this court issued an Order granting PACCAR Financial

Corp.'s ("PACCAR") Motion for Default Judgment against defendants Robbins Group

International, Inc., John Robbins, and Rudy Robbins ("defendants"). (Doc. 8.)[1] The

judgment entered by the court held the defendants indebted to PACCAR in the amount of

$3,043,730.34. (*Id*.) Also, the judgment assessed the reasonable attorneys' fees and

expenses incurred by the plaintiff to be $16,003.13. (*Id*.) In total, PACCAR's judgment

against the defendants amounted to $3,059,733.47. (*Id*.) This case comes back before the

court on PACCAR's Motion to Renew Judgment, pursuant to Federal Rule of Civil

Procedure 69(a)(1). (Doc. 24.) For the reasons set forth in this Memorandum Opinion,

PACCAR's Motion is due to be granted in part and denied in part.

---

[1] "Doc. ___" refers to the document number that the Clerk of the Court assigns to a filing
when it is made.

## I. FACTS AND PROCEDURAL HISTORY

On July 11, 1997, PACCAR filed a Complaint in this court alleging that the defendants owed PACCAR $3,043,730.34 in back payments for two leases for tractors. (Docs. 1, 8.) PACCAR executed service on the defendants on July 18, 1997. (Doc. 2.) The defendants did not appear or otherwise answer the Complaint. Accordingly, the Clerk of the court entered a default against the defendants on September 19, 1997, pursuant to a Motion for Entry of Default filed by PACCAR on September 18, 1997. (Docs. 4, 6.) On September 18, 1997, PACCAR also filed a Motion for Default Judgment against the defendants. (Doc. 7.) This court granted that Motion on September 26, 1997, holding the defendants indebted to PACCAR for $3,043,730.34 in outstanding lease payments and $16,003.13 in attorneys' fees and expenses. (Doc. 8.)

In an effort to satisfy its judgment against the defendants, PACCAR served Suntrust Bank ("Suntrust") with a Writ of Garnishment on August 14, 2003, pursuant to ALA. CODE § 6-6-390 (1975). (Doc. 11.) In response to the Writ, on or about August 26, 2003, Suntrust informed PACCAR that it was indebted to the defendants but that it would withhold funds, which were less than the amount of judgment, until Suntrust received an order from this court directing payment. (Doc. 16.) On September 26, 2003, PACCAR filed a motion in this court to compel Suntrust to pay funds, which this court granted on December 8, 2003. (Doc. 16, 17.) On August 10, 2005, PACCAR filed an application for a Writ of Execution in this court identifying two pieces of property owned by the

defendants in Lauderdale County, Alabama. (Doc. 18.) The court granted the application

and issued an Order directing the United States Marshals to sell the properties on March

15, 2006, after PACCAR filed a motion requesting the court to file such an order on

December 6, 2005. (Doc. 19, 20, 21, 22.)

On March 22, 2012, PACCAR filed a Motion to Renew Judgment. (Doc. 24.) In

its Motion, PACCAR claimed that the defendants have paid only $52,432.09 of the

$3,059,733.47 judgment. (Doc. 24 ¶ 7.) To support this claim, PACCAR attached an

affidavit from Benjamin L. McArthur, counsel for PACCAR. (Doc. 24-3.) In his

affidavit, McArthur confirmed that, to date, the defendants have failed to satisfy the

judgment and have only paid $52,432.09. (Doc. 24-3.) Also, McArthur stated that the

defendants have failed to make any payments on the post-judgment interest authorized by

ALA. CODE § 8-8-10. (Doc. 24-3.) Accordingly, in its Motion, PACCAR requests that this

court (1) enter an Order for Defendants to Show Cause Why Judgment Should Not Be

Extended and (2) enter an Order Renewing and Extending Judgment for ten years. (Doc.

24.)

## II. DISCUSSION

A party enforces a money judgment through a writ of execution; execution

methods employed by parties must be consistent "with the practice and procedure of the

state in which the district court sits." *Peacock v. Thomas*, 116 S. Ct. 862, 869 n.7 (1996);

*see* FED. R. CIV. P. 69(a)(1); *see also Aetna Cas. & Ins. Co. v. Markarian*, 114 F.3d 346,

349-350 (1st Cir. 1997) (holding that Rule 69(a)(1) does not authorize writs of execution contrary to applicable state law). Given that this court adjudicated the case at bar, Alabama law governs the renewal of the judgment.

An order to revive reinvests the judgment creditor "with the right to have execution of his original judgment." *Davis Int'l, Inc. ex rel. Patel v. Berryman*, 730 So. 2d 242, 244 (Ala. Civ. App. 1999) (quoting *Second Nat'l Bank of Cincinnati v. Allgood*, 234 Ala. 654, 656 (1937)). As such, an order to renew judgment simply works to revive already existing rights and determinations. In Alabama, a party cannot renew a judgment after twenty years from its entry. *See* ALA. CODE § 6-9-190.[2] The twenty year time period runs from the date of entry not from the date of a subsequent revivor. *See Mobile Drug Co. v. McCullough*, 215 Ala. 682, 683 (1927); *McLendon v. Hepburn*, 876 So. 2d 479, 486 (Ala. Civ. App. 2003). Thus, ALA. CODE § 6-9-190 provides a twenty year limitation period "after which the judgment is not revivable and therefore unenforceable at law." *Powles v. Kandrasiewicz*, 886 F. Supp. 1261, 1264 (W.D.N.C. 1995) (interpreting ALA. CODE §§ 6-9-190, 191, 192). A presumption of satisfaction applies to a judgment if ten years have elapsed since the judgment's entry or since the date of the issuance of the last execution. *See* ALA. CODE § 6-9-191. An order to renew a judgment allows a party to reach the full twenty-year statutory limitation period without being cut off at ten years by

---

[2] "A judgment cannot be revived after the lapse of 20 years from its entry."  ALA. CODE § 6-9-190.

the presumption imposed by ALA. CODE § 6-9-191.  The burden falls on the plaintiff to

prove that the judgment has not been satisfied. *See id.*

PACCAR asks this court to renew and extend its judgment against the defendants

for a period of ten years. If this court granted PACCAR's motion in full, the judgment

against the defendants would extend beyond the twenty-year statutory limitation.  Such a

motion would violate both ALA. CODE § 6-9-190 and clear case law precedent. In

Alabama, a party has twenty years to satisfy a judgment, after which time the judgment is

no longer enforceable at law. *See* ALA. CODE § 6-9-190; *Mobile Drug Co.*, 215 Ala. at

683; *McLendon*, 876 So. 2d at 486; *Powles*, 886 F. Supp. at 1264. Accordingly,

PACCAR's motion is due to be denied with regard to its request for a ten year extension.

Given that more than ten years have passed since the entry of PACCAR's

judgment against the defendants, a presumption of satisfaction applies to the judgment.

*See* ALA. CODE § 6-9-191. Therefore, the burden falls on PACCAR to prove that the

judgment has not been satisfied in order to renew the judgment. *See id.* PACCAR has

satisfied this burden. The affidavit of McArthur, which PACCAR attached to its Motion

to Renew Judgment, clearly shows that the defendants have not satisfied the judgment.

(Doc. 24-3.) Though no Alabama case law articulates a burden of proof standard, the

Alabama Court of Civil Appeals has held testimony of a corporate president regarding the

non-satisfaction of a judgment sufficient to overcome the presumption of ALA. CODE § 6-

9-191. *See Slay v. McKean Paint & Hardware Store, Inc.*, 317 So. 2d 326, 328 (Ala. Civ.

App. 1975) (discussing ALA. CODE § 7-582 (1940)—precursor to ALA. CODE § 6-9-191).

As such, McArthur's affidavit is sufficient evidence to satisfy PACCAR's burden; thus,

its motion is due to be granted with regard to its request for a renewal of judgment.

### III. CONCLUSION

For the reasons outlined above, PACCAR's Motion to Renew Judgment is due to

be granted as to PACCAR's request to renew judgment. However, as to PACCAR's

request for an additional ten years, its Motion is due to be denied. The twenty year

limitations period for this judgment began on September 26, 1997, when the judgment

was first entered. Though PACCAR's judgment is now renewed, the renewal in no way

extends the statutory limit of twenty years.  Therefore, the judgment will be renewed

through September 26, 2017.

A separate Order in conformity with this Memorandum Opinion will be entered

contemporaneously herewith.

**DONE** this 1st day of November, 2012.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE